My name is Carol Lelusky, and I represent Mr. Valdez and his appeal. Good morning. The first issue in this case is the voluntary nature of Mr. Valdez's plea. We do not dispute that Mr. Valdez was informed of the mandatory minimum sentence prior to, and in fact during, the plea colloquy. The problem in this case is the misinformation, unintentionally conveyed by the district court, not the magistrate judge. Not only did the judge not say, Mr. Valdez, you're facing a 10-year mandatory minimum, but she indicated that his plea, his sentence was then unknowable, that it was indeterminate, that it would be up to Judge Zille to impose and determine what the sentence was, that the sentence could, in fact, be lower than the guidelines, and she said that twice. All these things were relevant to his sentence, but as long as she would have told him, it could be lower than the guidelines, but it can't go below 120 months. Her failure to do that conveyed the wrong impression, conveyed the impression that Judge Zille had more discretion than he had, conveyed the impression that Judge Zille actually had the discretion to go below whatever mandatory minimum the government had told Mr. Valdez applied. The government did its job in this case. It listed the mandatory minimum in its list of maximum and minimum penalties in kind of a laundry list. In the initial appearance, the mandatory minimum sentence is 10 years' imprisonment, the maximum is life, a fine of up to $4 million, 5 years' supervised release, and a $100 penalty assessment. And it said similar things at the arraignment of the plea. But Mr. Valdez is hearing this from the government, knowing that the government is his adversary, and knowing, you know, that the government is interested in getting him a high sentence. That's why the government's there. And as the government is saying this, is this only in English? It's being translated. There's no question that it was all interpreted. And is the government addressing him or is the government addressing the court? The government – well, the court asks the government to set forth what the cases are about and what the penalties are. And is Mr. Valdez, when the government's speaking, I think I know the answer to this, required to say, I understand this or I don't understand this? This is not a colloquy the government's having with Mr. Valdez. No. The government – Mr. Valdez does not – is not required to say that at that point. So the – if we take your point that it's not clear from the record that he ever understood the mandatory minimum, don't we still have to go to the second phase of whether he would have, you know, but for that error, plea would have been entered? I'm raising this as an involuntariness of the plea, not a Rule 11 violation. We also raise it as a Rule 11 violation, in which case the second prong is that he wouldn't have taken the plea. But the basis for determining whether the plea was involuntary is whether the plea represents a voluntary and intelligent choice among the alternatives available. And if he didn't know that he faced a mandatory minimum, it wasn't a voluntary and intelligent choice. The government cites Vaughan for the premise that this Court can assume that the defendant remembers everything that was told to him at the arraignment and the initial appearance. And I don't dispute that. That's true. But what distinguishes this case from Vaughan is he – in this case, we had an affirmative disinformation conveyed by the district court. In Vaughan, the district court didn't say anything to derogate from what the defendant's rights were as he had been apprised prior to the plea. In this case, we have the magistrate judge saying, your sentence is now unknowable. The government would also like to show that Mr. Valdez's plea was voluntary through his affirmative answer to the question of whether it was his own choice. And similarly, through the Court's conclusion that the plea was knowing and intelligent and voluntary. But both of these statements beg the issue, if his own choice was based on misinformation, was based on the belief that Judge Dilley had discretion to impose a lower sentence, then it wasn't a voluntary decision. The government also argues that this Court should look to post-plea information. Sotomayor, let me just ask you this. Wouldn't that turn every Rule 11 violation into a per se voluntary, involuntary plea, you should say? I'm sorry. Well, under your theory, if there's a Rule 11 violation with the failure to address this information and then you have additional colloquy, wouldn't that turn every Rule 11 violation into a per se involuntary plea, and I don't think that's the law, but maybe you can explain to me why, how you get from the violation to the involuntariness and how you wouldn't get to that in every case. Here it's a failure to know the direct consequences of the plea, the full consequences of taking the plea. Rule 11, compliance with Rule 11 is designed to ensure that the plea is voluntary and knowing, and there are a lot of – there's a long list of things that the Court has to do, and some of them are more significant than others. When you don't tell the defendant what the direct consequences of the plea is, i.e., you'll face 10 years in prison, that doesn't inform him of his choices, so he's unaware of his choices in making the plea. Maybe I wasn't clear. I understand what Rule 11 says, but you're telling me I don't really – I'm not really making a Rule 11 claim. Well, I am, but in addition to my voluntary claim, and so we don't have to get to the second part about substantial rights and whether he would have pled guilty anyway. As I understood your argument, you're saying he didn't have the full deck in front of him as to the consequences, therefore it was involuntary. Is that your argument? Yes, it is. Okay. So then my question is, doesn't that argument turn every Rule 11 violation with respect to failure to put in either the mandatory minimum or maximum, turn it into a per se involuntary plea situation? This Court hasn't held so in the past. This Court has – Well, I know we haven't. That's what – that's sort of what you're asking us to hold here. Well, this Court has looked at questions about the voluntary nature of the plea and has found that sometimes pleas are not voluntary if the defendant is not given proper information about the consequences of the plea. Just by the fact that this also happens to be the case of a voluntary plea, it's not a voluntary plea. I think I can short-circuit this, maybe not, but I think the answer to Judge McKeon's very sensible question is, well, there's some Rule 11 violations that don't make it involuntary. There's some relatively trivial Rule 11 violations, and if it's not a Rule 11 violation that goes to voluntariness, then you've got to show prejudice. Thank you. I think that's the answer. Is that – do you like that answer? Well, you might like that answer, but can you tell me what the law – you tell me where the law is. I'm just trying to sort it out. I mean, that's Judge Fletcher's recasting of your argument, if I might say. But what's – what's the law that you think, or what case most closely resembles yours in terms of this structure? I'm thinking of Chai's and B. Hunter comes to mind, which was an involuntary plea based on what the defense attorney affirmatively told the defendant. The defense attorney said your sentence is going to be X. It wasn't just a prediction of what your sentence was going to be. And I'm not recalling the facts of other cases at this moment. If I could briefly turn to the ineffective assistance point, I would just like to point out to start that by conceding this issue, counsel not only stuck Mr. Valdez with a 121-sentence, but prevented him from making any argument below even the guideline sentence. The guideline range was 87 to 108 months. The mandatory minimum precluded any 3553 arguments for a lower sentence, which may have been merited in this case where Mr. Valdez was a 20-year-old unschooled person without any prior record. And the facts in this case, as the government agrees, are sufficient to establish the performance of counsel. He declined to make the argument for the safety valve for one reason only, which was the proximity of the gun to the drugs. And as we know from the cases, that's not sufficient. The defense attorney is required to do further investigation into that, because it's not enough merely to show possession. Possession, you must show it was possessed in connection with. And the facts also show that prejudice would have occurred here, given how the gun was found. We know from the government sentencing memorandum, which is in the Court's record at 26, that in a room behind the garage was found a knife, a table, packaging materials, and heroin. And in the same room, on the floor, the gun was wrapped in a white cloth with the ammunition on top. I don't have time to fully argue this, but I'll say that. Kagan, could I just ask you, on that point, as you know, we are usually pretty reluctant to address these ineffective assistance counsel claims with the record in the State it's in here. I'm not sure why we would make an exception, because it is a little bit complicated. Well, I submit that from the facts before the Court, it's enough to show that the claim would have been successful and he would have gotten the safety valve, because the gun was not available for offensive or defensive purposes when it was wrapped in a white cloth on the floor, not under or next to the defendant. And when he left to go on a drug deal without taking the gun with him, it wasn't used for offensive purposes.  Thank you. Thank you. May it please the Court. My name is Lawrence Lincoln, and I'm the counsel from the United States Attorney's Office for the respondent, United States in this case. Mr. Valdez raises three issues. First, he contends that the plea here wasn't knowing involuntary, because the Court, that to the applicability of the 10-year mandatory minimum. Secondly, that the Court committed certain Rule 11 violations by failing to elicit a response from the defendant concerning his knowledge and understanding of that 10-year mandatory minimum, and also failing to inform him about the drug quantity. And finally, that the counsel was ineffective for not pursuing that adjustment for a safety valve. I'd like to take those in order. With respect to the first issue, the record is clear that the magistrate judge did not mislead this defendant. He was well aware that the 10-year mandatory minimum applied here. He had heard it in the initial appearance. He had heard it at the arraignment. He had heard it in the plea agreement. In fact, the plea agreement itself says he understands that a 10-year mandatory minimum applies here. And then he heard it again at the plea colloquy, where the U.S. attorney's the assistant U.S. attorney representing the government stated in open court that a 10-year mandatory minimum applied. And what did the magistrate judge say to him? The magistrate judge went on to the next topic, if you will, and that is the other rights. And the government here is not defending that. The government is acknowledging that that was a Rule 11 violation. But because we are in the plain error arena here, the government contends that that was not a plain error that requires reversal here. We have had cases where even though it's in the plea agreement, but it's required to be listed by the judge, that because the judge didn't explain that point in the record, we've reversed. Ariano Gallegos, we did that. Whatever. Why wouldn't we just? I mean, the question we're always troubled with here is, did he really understand? Go back, have a plea colloquy? I think we have a pretty good record here, Your Honor, that he did understand. I would point out the fact that the pre-sentence report itself listed the existence of that 10-year mandatory minimum six times. And that was fully translated for him in sentencing. I point out at sentencing itself, the court talked about the mandatory minimum, as did the U.S. attorney, as did the defense counsel. At no time did he. I should know this, but I don't. Were you the attorney at trial as well? I was, Your Honor. And so when the magistrate judge says these things that are wrong, what did you do? Well, I guess I would say that the, not only did the U.S. attorneys. Or maybe I should say, what did you do and why didn't you do it? Okay. Well, I, I think, I think it's obvious that in the course of advising a defendant of all of his rights, that sometimes you miss things. And, Your Honor, I'm not, I'm not standing here to say that the magistrate judge was entirely at fault. I was at fault as well. But I guess the, the issue here is whether it constitutes plain error. And I don't think that the record supports that in any way. Here we have, here we have the standard that we must apply, which is whether his substantial rights were violated in failing to advise him of the 10-year mandatory minimum. Would you say this? If, if I were to take away, and this is hypothetical, obviously, with the facts are what they are, but if I were to take away all these other indications that you've pointed out to us, that he was told, listen, in the pre-sentence report and so on, it's a 10-year mandatory minimum, but if, if at the taking of the plea, the magistrate judge had said to him directly, you understand that the judge, when he finally imposed a sentence, may go below the mandatory minimum, you understand that? And he says, yes. If that were the case, would this be involuntary? It would not, Your Honor. Even then? No. And it would not be. And even based upon an ambiguous misinstruction by the judge, he says, I understand that to be the law, and he pleads on that basis. Even then it's not involuntary? No, Your Honor. Because? If I may explain. There are three things that the magistrate judge had to tell this defendant. The magistrate judge had to tell him the 10-year mandatory minimum. No, no, no. You're not going with me. This is a hypothetical. Yes, Your Honor. The only thing, in my hypothetical, the only thing the magistrate judge tells the defendant is, there is a mandatory minimum, but it doesn't mean what it says. And if the district judge decides in his discretion to depart below the mandatory minimum in imposing the sentence, he is free to do that. And on that basis, do you choose to plead guilty? Do you understand it? Yes, and I choose to plead guilty. That's the only exchange. Is that an involuntary plea? I would say no, Your Honor. That would not be the case. Still not? Okay. Why not? I would not say that's it, because that wouldn't be an incorrect statement of the law. But of course it's an incorrect statement of the law. It's a mandatory minimum, and the magistrate judge just said it's not, in fact, mandatory. He can depart below if he likes. Well, if it was that clear on the record, but let me explain. It's that clear in my hypothetical. Well, in that case, Your Honor, then the Court would be saying one thing and taking it back with another statement, which would obviously be the wrong way to approach advising the client. So is your answer in that case on the hypothetical that it is involuntary? Your Honor, I would say that in that case it would be involuntary, because So the only question then in front of us is how clear is it that he understood or how clear is it that he misunderstood? No, that's not the only question in front of us on that issue. With respect to the voluntariness issue, the Court was obliged to tell the defendant that the Court, that the district court was free to impose whatever decision, whatever sentence was appropriate under the circumstances, and the Court could go above, below, or within the guidelines. The Court was obliged to do that by Rule 11 itself. And we cite the section in there, it was Rule 11. I don't understand where you're going with this. Are you telling me now the magistrate judge did not make a mistake? I'm telling you that the magistrate judge did not make a mistake here. But I thought the magistrate judge said that the district judge is free to impose a sentence below the mandatory minimum. Well, the judge was free to impose a sentence below the mandatory minimum. The magistrate judge was not in a position to say whether this particular defendant would qualify for a substantial assistance motion, which would have taken it below the mandatory minimum, or qualified for a safety valve, which would have taken it below the mandatory minimum. The judge, magistrate judge, was just not in a position to do so. And, in fact, no parties at that, that plea were in a position to do so. Only the district court was in a position to exercise the discretion to find out. You know, you'd have to have a Ph.D. in linguistics to understand all that stuff. I mean, you're asking about the sentencing guidelines, and clearly, Mr. He's kind of saying, what? You know, the judge says, well, do you understand this? He says, well, he says, you know, he doesn't really quite understand that very well. And do you understand he will consider the range in deciding what sentence to impose? Do you understand that? I didn't understand that very well. So he's the problem is nobody says, look, there's a mandatory minimum here, and it's 120 months. You might also have some factors or some specific characteristics that permit the judge to go under that. We don't know that. That's a question for that Judge Zilli to determine. But if he doesn't determine that, the answer is you've got 120 months. I mean, it seems like these come up, and I keep wondering why people don't have a checklist, both in the U.S. Attorney's Office and the magistrates and the judges, to make sure that they check all these things off. This one is more troubling because all the discussion swims around in the guidelines. And so if I take your point, you're saying, well, he has to know about the mandatory minimum because of the plea agreement and the pre-sentence report. Is that correct? He does, Your Honor. And is there anywhere else he's advised of the mandatory minimum? Well, at the initial appearance, at the arraignment, in the plea agreement, and also at the plea colloquy, when he actually enters his plea of guilty, all those, and by the way, those all came within an 11-week period. So it was a pretty condensed time period where he could keep that in mind. I would just point out that I believe that if the judge had left out any of her advisements to him, I think that would have probably been an error here because he would have not met the requirements of Rule 11b1m and would not have advised him of the 10-year mandatory minimum. And the question is the argument What about counsel's comment then, well, even if you were to uphold the plea that there is an effective assistance counsel on the face of it, because the very thing you're now telling us is that he might not get the mandatory minimum because the judge doesn't have to impose it, but then, of course, his lawyer forgoes that opportunity. Well, if I can address that, Your Honor, the lawyer in this particular case, Mr. Salazar, did not, was not ineffective in this case. In this case, the record was clear that the defendant had already admitted the gun was possessed in connection with this particular drug activity. That set forth in the plea agreement. That, coupled with the proximity of the gun and the totality of the circumstances, made it clear that the, this particular counsel could not prevail, and, therefore, his decision to strategically not to pursue that particular argument was not deficient. Even if he had, he would not have prevailed for all those same reasons, and, therefore, the prejudice prong of the effective assistance would, analysis would not have been made. Thank you. I have a question. Yes, Your Honor. I'm concerned about the whole purpose of Rule 11, which is to have the sentencing court address the defendant from the court, telling the defendant what things are pertinent and what he's giving up. It says the court must inform the defendant of and determine the defendant's understanding of the following, A to N. One of them is a mandatory minimum penalty. It seems like that would be probably one of the most important things that the court should directly inform the defendant of, because mandatory minimum is very different from guideline. Mandatory minimum is it. And so I'm concerned about the failure to follow the Rule 11 requirements. Your Honor, I agree with the Court that that's one of the most important things to advise the defendant of. I absolutely agree with that. The defendant in this case was advised of that by the Court. At the direction of the Court, the U.S. Attorney, the Assistant U.S. Attorney, stated in open court during the plea colloquy that the 10-year mandatory minimum applied. There's Ninth Circuit authority to look to the Assistant U.S. Attorney to state in open court the penalties, and, in fact, in the defendant's brief, they cite the Ma case, which also provides that the Assistant U.S. Attorney can provide the penalties to the Assistant U.S. Attorney. And so I'm concerned about the failure of the court to provide the Rule 11 advisements in lieu of the mandatory minimum. How do we know that he understood that advisement? Well, again, it's in the plea agreement. It was at the initial appearance. It was at the arraignment. It was at the plea colloquy. He never moved to withdraw. Well, it says in Rule 11, before you accept the plea, you have to determine that the defendant understands the mandatory minimum. Well, Your Honor, I guess our answer to that is, number one, he did – the record is clear that he did understand. He was told so many times that he never moved to withdraw his plea, even after he was – even after the mandatory minimum was imposed. He never moved at any point or suggested it came as a surprise to him. So, I mean, you're saying that when he was retold it, so to speak, at the end of the actual sentencing, he didn't do anything there, and that goes to the fact that he would have entered the plea anyway? I – we've cited a case that allows the Court to consider that, and that is our argument here. Okay. Thank you. Thank you, Your Honor. Can I take one second? You may. Briefly, Your Honors, the defendant should be entitled to – to rely on what the government has already told them. The defendant should be able to rely on the Court. And if the defendant can't rely on the Court, the plea colloquy becomes meaningless. Secondly, this goes to a basic consequence of sentencing, which is why it's a constitutional issue and not just a Rule 11 issue. It goes to his understanding of the consequences of the plea. This is true irrespective of the fact that these – his claim happens to be on the list of the Rule 11 issues. It doesn't take away from the fact that it's a constitutional issue. If we were to say that this is a Rule 11 violation, rather than get to the point of saying it's a constitutional violation because it's involuntary, what prejudice do you – can you show? If this were a Rule 11 violation, we would have to show – If this were merely a Rule 11 violation. Right. Merely a Rule 11 violation, we'd have to show that he likely would have gone to trial had he known about this. He was a first-time offender. He faced 120 months no matter what. He didn't have any incentive to go take a plea if he wasn't going to get a lower sentence. That's how his substantial rights were affected. And finally, about his failure to challenge the plea below, what the government is, in effect, asking is that we impose a requirement before this Court here of a challenge to the voluntary nature of the plea that the issue be raised below. But this Court and no court has ever held that before. In fact, the salient difference between a constitutional challenge and a Rule 11 challenge is that you don't have to raise it below for it to be heard. Thank you. Thank you. I'm sorry. Can I ask one more question? I'm sorry to hold you up. If we hold – were to hold that this is a voluntariness problem, but there was no objection, we're then into plain error, correct? No. This Court has held that you review voluntariness de novo. De novo, even if there's no objection. Even if there's no objection below. Okay. Thank you. Thank you. Thank both counsel for your arguments this morning. The case of United States v. Valdez is submitted. Quinlan v. Blades is submitted on the briefs and will now hear argument in United States v. McDuffie and Fuhrer.
judges: Hug, McKeown, W. Fletcher